Rory J. Calhoun

RHODE ISLAND HIGHER EDUCATION ASSISTANCE AUTHORITY

HIGHER EDUCATION LOAN PLAN

Original Note

$ 800.00

Providence, R. I. June 1 1978
City or Town

For Value Received, the undersigned (jointly and severally, if more than one) promise(s) to pay to Industrial National Bank
Name of Lender
or order, at the office of said Lender at 111 Westminister St. Providence, R.I.
Address of Lender
the sum of Eight Hundred Dollars, said sum representing a loan of 800.00 Dollars
made under the Higher Education Loan Plan ("Plan") of Rhode Island Higher Education Assistance Authority ("Authority") with interest thereon from the date of
each advance at the rate of 7 % per annum simple interest for the term of this note. The Lender or any other holder will not collect or attempt to collect
from the Maker any portion of the interest which is payable by the United States Government.
1. Repayment of principal, together with interest thereon, shall be made over a period (the "Repayment Period") commencing 9 months after the date on which the maker ceases to carry at an institution determined to be eligible for that purpose under the Higher Education Act 1965, as amended (the "Act"), and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic workload, as determined by such institution, and (except when paragraph 7 (c) applies) ending not less than five years (unless the Maker, during the nine to twelve month period preceding the commencement of the Repayment Period, specifically requests that repayment be made over a shorter period and the Lender or any other holder agrees to such request) nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. Interest shall accrue during the period prior to the commencement of the Repayment Period and shall at the commencement of the Repayment Period (to the extent not paid) be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in equal monthly installments in accordance with the terms of a separate Renewal Note which shall be subject to the terms of this note and which the Maker agrees to execute prior to commencement of the Repayment Period. The Lender and the Maker, after the Maker ceases to carry at an eligible institution at least one-half the normal full-time academic workload, as determined by such institution, may agree to a Repayment Period which commences earlier than the time above specified. If the Maker has requested, and the Lender has agreed to, a Repayment Period of less than five years, the Maker may at any time prior to the payment in full of this note, by request to the Lender or any other holder of this note, have the Repayment Period extended so that the total Repayment Period is not less than five years.
2. The Maker agrees to pay the Lender in addition to interest and principal due an amount equal to the premiums that the Lender is required to pay to the Authority in order to obtain insurance coverage with respect to this note, said premiums not to exceed the rate of one percent (1%) per annum on the unpaid principal balance from the date of execution of this note to the commencement of the Repayment Period (estimated in accordance with instructions issued by the United States Commissioner of Education) plus an assumed five year Renewal Period during which such premium will be calculated on the declining balance of principal. All such premiums shall be due and payable immediately.
3. The Maker:
(a) Warrants that all the information furnished by him in his application for said loan is true as of the date hereof.
(b) Shall use the proceeds of said loan solely to pay the expenses of attending the eligible institution in which the Maker is enrolled on the date hereof.
(c) Shall inform the Lender promptly in writing of any changes from time to time occurring in his school enrollment status and home address from that stated in his application for said loan.
(d) Shall answer promptly all communications forwarded to him by either the Lender, any other holder of this note, or the Authority.
(e) Promises that within four months after ceasing to carry at an eligible institution at least one-half the normal full-time academic workload as determined by such institution, the Maker will contact the Lender or any other holder of this note to negotiate the terms of his repayment obligations.
4. This note shall, at the option of the holder, become immediately due and payable upon
(a) the failure by the Maker to pay any installment of principal or interest hereunder on the due date thereof;
(b) the insolvency of, or the assignment for the benefit of creditors by the Maker, or the filing of a petition in bankruptcy by or against the Maker; or
(c) the breach by the Maker of any promise or warranty made to the Lender or the Authority (including, but not limited to, the warranty and promises set forth in paragraph 3, above) from which the Authority finds it reasonable to conclude that the Maker no longer intends to honor his obligation to repay this note, unless the Commissioner of Education shall have issued regulations pertaining thereto, in which case this note shall at the option of the holder become due and payable at such time or times and in such installment or installments as may be authorized by such of said regulations as may be in effect on the date hereof.
5. Upon default, there shall be immediately due from the undersigned in addition to the other sums due hereunder, all costs and expenses of collection of this note, including reasonable attorneys' fees, and the holder may take judgment for all such additional amounts.
6. The Maker reserves the right at any time and from time to time to prepay without penalty all or any part of the principal hereof.
7. This note is subject also to the following conditions:
(a) In the event of prepayment in full of this Original Note occurring more than two years prior to the maturity hereof, the Maker shall receive a rebate of (i) the unearned portion of the loan guaranty premium, calculated in accordance with the pro rata method (except that the entire loan guaranty premium shall be rebated in the event of cancellation of the loan commitment or prepayment in full within sixty days of the date hereof), plus (ii) a rebate of the entire loan guaranty premium allocable to the Repayment Period.
(b) In the event of prepayment in full of any Renewal Note referred to in paragraph 1 hereof the Maker shall receive a rebate of unearned interest, calculated in accordance with the Rule of 78's plus (in the event such prepayment occurs during the first three years of the Repayment Period) a rebate of the unearned portion of the loan guaranty premium allocable to the Repayment Period calculated in accordance with the Rule of 78's based upon the actual term of said Repayment Period or five years, whichever is shorter.
(c) Installments of principal need not be paid but interest shall accrue and be paid during any period (A) during which the Maker is carrying, at an eligible institution, a full-time academic workload as determined by the institution, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner of Education, (B) not in excess of three years during which the Maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the Maker serves as a volunteer under the Peace Corps Act, (D) not in excess of three years during which the Maker serves as a full-time volunteer under the Domestic Volunteer Service Act of 1973, or (E) during a single period, not in excess of twelve months, at the request of the Maker, during which the Maker is seeking and unable to find full-time employment, and such period in (A), (B), (C), (D) or (E) shall not be included in determining the period during which repayment must be completed.
(d) Notwithstanding the minimum repayment period set forth in paragraph 1, installment payments shall be made at an annual rate of not less than the lesser of $360 or the balance of all loans (together with interest thereon) to the Maker which are insured under the Plan or the Act (unless the Lender and the Maker otherwise agree), provided, that if the spouse of the Maker shall have any such loan or loans outstanding, the total of the combined payments for the Maker and the Maker's spouse during any year shall not be less than the lesser of $360 or the balance of all such loans.
(e) A late charge of 5% of the monthly payment or $5.00, whichever is the lesser, may be made on any payment made later than ten (10) days after the date on which it is due.
(f) In the event of the Maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.
8. The liability of the Maker and any Co-Maker hereunder shall be absolute and unconditional without regard to the liability of any other party. Every Maker and Co-Maker of this note, or the obligation represented hereby waives presentment, demand, notice, protest, and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this note, assents to any extension or postponement of the time of payment or any other indulgence, to any substitution, and/or to the addition or release of any other party or person liable hereon, including the Maker. The payee is hereby authorized, without further notice, to fill in any blank spaces in this note and to date this note as of the date when it is issued. The holder shall not by any act, delay, omission or otherwise be deemed to have waived any of its rights and/or remedies hereunder unless such waiver be in writing and signed by the holder, and then only to the extent therein set forth. A waiver on any one occasion shall not be construed as a bar to or waiver of any such right and/or remedy on any future occasion.
9. Any Co-Maker hereunder agrees to be bound by the terms of any Renewal Note executed by the Maker in accordance with the provisions of paragraph 1 hereof to the same extent as if such Co-Maker had executed such Renewal Note, provided, that if such Renewal Note shall provide for the repayment of obligations of the Maker to the Lender under any note or notes in addition to this note, the obligations of any Co-Maker hereunder under such Renewal Note shall be limited to the sum of (i) that portion of the principal amount of such Renewal Note as is equal to the Maker's obligations under this note at the time of execution of such Renewal Note plus (ii) all accrued interest on such portion, all late charges related thereto and all expenses of collection thereof. All payments made under such Renewal Note shall be deemed to be applied pro rata against the obligations of the Maker under any note or notes of the Maker referred to in such Renewal Note.

This instrument is executed under seal.

DO NOT MAKE ANY CHANGES OR ERASURES ON THIS NOTE

Signatures (Write name in full. Use ink. Do not print.)

(1) Maker's signature [signature] [illegible handwritten address] R.I. 02909
Home Address

(2) Signature of Co-Maker ☐ Parent ______ Home Address
☐ Spouse ______
☐ Other ______

RIHEAA 3-78 Form 3

EXHIBIT A

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

S. McRitchie 4-3-07
NAME DATE

EXHIBIT A

PAY TO THE ORDER OF

______________________________
without recourse to the undersigned
Rhode Island Student Loan Authonty

By______________________________

EXHIBIT A

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

S. McRitchie 4-3-07

NAME DATE

EXHIBIT A

Rory J. Calhoun

RHODE ISLAND HIGHER EDUCATION ASSISTANCE AUTHORITY

HIGHER EDUCATION LOAN PLAN

Original Note

$ 700.00

Providence (City or Town), R. I. December 26 1978

For Value Received, the undersigned (jointly and severally, if more than one) promise(s) to pay to Industrial National Bank (Name of Lender) or order, at the office of said Lender at 111 Westminster Street Providence, Rhode Island (Address of Lender) the sum of Seven Hundred Dollars, said sum representing a loan of 700.00 Dollars made under the Higher Education Loan Plan ("Plan") of Rhode Island Higher Education Assistance Authority ("Authority") with interest thereon from the date of each advance at the rate of 7 % per annum simple interest for the term of this note. The Lender or any other holder will not collect or attempt to collect from the Maker any portion of the interest which is payable by the United States Government.

1. Repayment of principal, together with interest thereon, shall be made over a period (the "Repayment Period") commencing 9 months after the date on which the maker ceases to carry at an institution determined to be eligible for that purpose under the Higher Education Act 1965, as amended (the "Act"), and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic workload, as determined by such institution, and (except when paragraph 7 (c) applies) ending not less than five years (unless the Maker, during the nine to twelve month period preceding the commencement of the Repayment Period, specifically requests that repayment be made over a shorter period and the Lender or any other holder agrees to such request) nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. Interest shall accrue during the period prior to the commencement of the Repayment Period and shall at the commencement of the Repayment Period (to the extent not paid) be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in equal monthly installments in accordance with the terms of a separate Renewal Note which shall be subject to the terms of this note and which the Maker agrees to execute prior to commencement of the Repayment Period. The Lender and the Maker, after the Maker ceases to carry at an eligible institution at least one-half the normal full-time academic workload, as determined by such institution, may agree to a Repayment Period which commences earlier than the time above specified. If the Maker has requested, and the Lender has agreed to, a Repayment Period of less than five years, the Maker may at any time prior to the payment in full of this note, by request to the Lender or any other holder of this note, have the Repayment Period extended so that the total Repayment Period is not less than five years.

2. The Maker agrees to pay the Lender in addition to interest and principal due an amount equal to the premiums that the Lender is required to pay to the Authority in order to obtain insurance coverage with respect to this note, said premiums not to exceed the rate of one percent (1%) per annum on the unpaid principal balance from the date of execution of this note to the commencement of the Repayment Period (estimated in accordance with instructions issued by the United States Commissioner of Education) plus an assumed five year Renewal Period during which such premium will be calculated on the declining balance of principal. All such premiums shall be due and payable immediately.

3. The Maker:
   (a) Warrants that all the information furnished by him in his application for said loan is true as of the date hereof.
   (b) Shall use the proceeds of said loan solely to pay the expenses of attending the eligible institution in which the Maker is enrolled on the date hereof.
   (c) Shall inform the Lender promptly in writing of any changes from time to time occurring in his school enrollment status and home address from that stated in his application for said loan.
   (d) Shall answer promptly all communications forwarded to him by either the Lender, any other holder of this note, or the Authority.
   (e) Promises that within four months after ceasing to carry at an eligible institution at least one-half the normal full-time academic workload as determined by such institution, the Maker will contact the Lender or any other holder of this note to negotiate the terms of his repayment obligations.

4. This note shall, at the option of the holder, become immediately due and payable upon
   (a) the failure by the Maker to pay any installment of principal or interest hereunder on the due date thereof;
   (b) the insolvency of, or the assignment for the benefit of creditors by the Maker, or the filing of a petition in bankruptcy by or against the Maker; or
   (c) the breach by the Maker of any promise or warranty made to the Lender or the Authority (including, but not limited to, the warranty and promises set forth in paragraph 3, above) from which the Authority finds it reasonable to conclude that the Maker no longer intends to honor his obligation to repay this note, unless the Commissioner of Education shall have issued regulations pertaining thereto, in which case this note shall at the option of the holder become due and payable at such time or times and in such installment or installments as may be authorized by such of said regulations as may be in effect on the date hereof.

5. Upon default, there shall be immediately due from the undersigned in addition to the other sums due hereunder, all costs and expenses of collection of this note, including reasonable attorneys' fees, and the holder may take judgment for all such additional amounts.

6. The Maker reserves the right at any time and from time to time to prepay without penalty all or any part of the principal hereof.

7. This note is subject also to the following conditions:
   (a) In the event of prepayment in full of this Original Note occurring more than two years prior to the maturity hereof, the Maker shall receive a rebate of (i) the unearned portion of the loan guaranty premium, calculated in accordance with the pro rata method (except that the entire loan guaranty premium shall be rebated in the event of cancellation of the loan commitment or prepayment in full within sixty days of the date hereof), plus (ii) a rebate of the entire loan guaranty premium allocable to the Repayment Period.
   (b) In the event of prepayment in full of any Renewal Note referred to in paragraph 1 hereof the Maker shall receive a rebate of unearned interest, calculated in accordance with the Rule of 78's plus (in the event such prepayment occurs during the first three years of the Repayment Period) a rebate of the unearned portion of the loan guaranty premium allocable to the Repayment Period calculated in accordance with the Rule of 78's based upon the actual term of said Repayment Period or five years, whichever is shorter.
   (c) Installments of principal need not be paid but interest shall accrue and be paid during any period (A) during which the Maker is carrying, at an eligible institution, a full-time academic workload as determined by the institution, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner of Education, (B) not in excess of three years during which the Maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the Maker serves as a volunteer under the Peace Corps Act, (D) not in excess of three years during which the Maker serves as a full-time volunteer under the Domestic Volunteer Service Act of 1973, or (E) during a single period, not in excess of twelve months, at the request of the Maker, during which the Maker is seeking and unable to find full-time employment; and such period in (A), (B), (C), (D) or (E) shall not be included in determining the period during which repayment must be completed.
   (d) Notwithstanding the minimum repayment period set forth in paragraph 1, installment payments shall be made at an annual rate of not less than the lesser of $360 or the balance of all loans (together with interest thereon) to the Maker which are insured under the Plan or the Act (unless the Lender and the Maker otherwise agree), provided, that if the spouse of the Maker shall have any such loan or loans outstanding, the total of the combined payments for the Maker and the Maker's spouse during any year shall not be less than the lesser of $360 or the balance of all such loans.
   (e) A late charge of 5% of the monthly payment or $5.00, whichever is the lesser, may be made on any payment made later than ten (10) days after the date on which it is due.
   (f) In the event of the Maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

8. The liability of the Maker and any Co-Maker hereunder shall be absolute and unconditional without regard to the liability of any other party. Every Maker and Co-Maker of this note, or the obligation represented hereby waives presentment, demand, notice, protest, and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this note, assents to any extension or postponement of the time of payment or any other indulgence, to any substitution, and/or to the addition or release of any other party or person liable hereon, including the Maker. The payee is hereby authorized, without further notice, to fill in any blank spaces in this note and to date this note as of the date when it is issued. The holder shall not by any act, delay, omission or otherwise be deemed to have waived any of its rights and/or remedies hereunder unless such waiver be in writing and signed by the holder, and then only to the extent therein set forth. A waiver on any one occasion shall not be construed as a bar to or waiver of any such right and/or remedy on any future occasion.

9. Any Co-Maker hereunder agrees to be bound by the terms of any Renewal Note executed by the Maker in accordance with the provisions of paragraph 1 hereof to the same extent as if such Co-Maker had executed such Renewal Note, provided, that if such Renewal Note shall provide for the repayment of obligations of the Maker to the Lender under any note or notes in addition to this note, the obligations of any Co-Maker hereunder under such Renewal Note shall be limited to the sum of (i) that portion of the principal amount of such Renewal Note as is equal to the Maker's obligations under this note at the time of execution of such Renewal Note plus (ii) all accrued interest on such portion, all late charges related thereto and all expenses of collection thereof. All payments made under such Renewal Note shall be deemed to be applied pro rata against the obligations of the Maker under any note or notes of the Maker referred to in such Renewal Note.

This instrument is executed under seal.

DO NOT MAKE ANY CHANGES OR ERASURES ON THIS NOTE

Signatures: (Write name in full. Use ink. Do not print.)

(1) Maker's signature [illegible] — 338 Manton Ave Prov. R.I. 02909 (Home Address)

(2) Signature of Co-Maker ☐ Parent ____ ☐ Spouse ____ ☐ Other ____ Home Address ____

RIHEAA 3-78 Form 3

EXHIBIT A

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

S. McRitchie 4-3-07

NAME DATE

EXHIBIT A

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

S. Mc Kitchen 4-3-07

NAME DATE

EXHIBIT A

Rory J. Calhoun

RHODE ISLAND HIGHER EDUCATION ASSISTANCE AUTHORITY

HIGHER EDUCATION LOAN PLAN

Original Note

$ 1200.00

Providence, R. I. June 25, 1979
City or Town

For Value Received, the undersigned (jointly and severally, if more than one) promise(s) to pay to Industrial National Bank (Name of Lender) or order, at the office of said Lender at 111 Westminster Street, Providence, Rhode Island 02901 (Address of Lender) the sum of Twelve hundred Dollars, said sum representing a loan of 1200.00 Dollars made under the Higher Education Loan Plan ("Plan") of Rhode Island Higher Education Assistance Authority ("Authority") with interest thereon from the date of such advance at the rate of 7 % per annum simple interest for the term of this note. The Lender or any other holder will not collect or attempt to collect from the Maker any portion of the interest which is payable by the United States Government.

1. Repayment of principal, together with interest thereon, shall be made over a period (the "Repayment Period") commencing 9 months after the date on which the maker ceases to carry at an institution determined to be eligible for that purpose under the Higher Education Act 1965, as amended (the "Act"), and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic workload, as determined by such institution, and (except when paragraph 7 (c) applies) ending not less than five years (unless the Maker, during the nine to twelve month period preceding the commencement of the Repayment Period, specifically requests that repayment be made over a shorter period and the Lender or any other holder agrees to such request) nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. Interest shall accrue during the period prior to the commencement of the Repayment Period and shall at the commencement of the Repayment Period (to the extent not paid) be added to and become a part of the principal amount of the loan Repayment of principal, together with interest thereon, shall be made in equal monthly installments in accordance with the terms of a separate Renewal Note which shall be subject to the terms of this note and which the Maker agrees to execute prior to commencement of the Repayment Period. The Lender and the Maker, after the Maker ceases to carry at an eligible institution at least one-half the normal full-time academic workload, as determined by such institution, may agree to a Repayment Period which commences earlier than the time above specified. If the Maker has requested, and the Lender has agreed to, a Repayment Period of less than five years, the Maker may at any time prior to the payment in full of this note, by request to the Lender or any other holder of this note, have the Repayment Period extended so that the total Repayment Period is not less than five years.

2 The Maker agrees to pay the Lender in addition to interest and principal due an amount equal to the premiums that the Lender is required to pay to the Authority in order to obtain insurance coverage with respect to this note, said premiums not to exceed the rate of one percent (1%) per annum on the unpaid principal balance from the date of execution of this note to the commencement of the Repayment Period (estimated in accordance with instructions issued by the United States Commissioner of Education) plus an assumed five year Renewal Period during which such premium will be calculated on the declining balance of principal. All such premiums shall be due and payable immediately.

3. The Maker:

(a) Warrants that all the information furnished by him in his application for said loan is true as of the date hereof.

(b) Shall use the proceeds of said loan solely to pay the expenses of attending the eligible institution in which the Maker is enrolled on the date hereof.

(c) Shall inform the Lender promptly in writing of any changes from time to time occurring in his school enrollment status and home address from that stated in his application for said loan.

(d) Shall answer promptly all communications forwarded to him by either the Lender, any other holder of this note, or the Authority.

(e) Promises that within four months after ceasing to carry at an eligible institution at least one-half the normal full-time academic workload as determined by such institution, the Maker will contact the Lender or any other holder of this note to negotiate the terms of his repayment obligations.

4. This note shall, at the option of the holder, become immediately due and payable upon

(a) the failure by the Maker to pay any installment of principal or interest hereunder on the due date thereof,

(b) the insolvency of, or the assignment for the benefit of creditors by the Maker, or the filing of a petition in bankruptcy by or against the Maker; or

(c) the breach by the Maker of any promise or warranty made to the Lender or the Authority (including, but not limited to, the warranty and promises set forth in paragraph 3, above) from which the Authority finds it reasonable to conclude that the Maker no longer intends to honor his obligation to repay this note, unless the Commissioner of Education shall have issued regulations pertaining thereto, in which case this note shall at the option of the holder become due and payable at such time or times and in such installment or installments as may be authorized by such of said regulations as may be in effect on the date hereof.

5. Upon default, there shall be immediately due from the undersigned in addition to the other sums due hereunder, all costs and expenses of collection of this note, including reasonable attorneys' fees, and the holder may take judgment for all such additional amounts.

6. The Maker reserves the right at any time and from time to time to prepay without penalty all or any part of the principal hereof.

7. This note is subject also to the following conditions:

(a) In the event of prepayment in full of this Original Note occurring more than two years prior to the maturity hereof, the Maker shall receive a rebate of (i) the unearned portion of the loan guaranty premium, calculated in accordance with the pro rata method (except that the entire loan guaranty premium shall be rebated in the event of cancellation of the loan commitment or prepayment in full within sixty days of the date hereof), plus (ii) a rebate of the entire loan guaranty premium allocable to the Repayment Period.

(b) In the event of prepayment in full of any Renewal Note referred to in paragraph 1 hereof the Maker shall receive a rebate of unearned interest, calculated in accordance with the Rule of 78's plus (in the event such prepayment occurs during the first three years of the Repayment Period) a rebate of the unearned portion of the loan guaranty premium allocable to the Repayment Period calculated in accordance with the Rule of 78's based upon the actual term of said Repayment Period or five years whichever is shorter.

(c) Installments of principal need not be paid but interest shall accrue and be paid during any period (A) during which the Maker is carrying, at an eligible institution, a full-time academic workload as determined by the institution, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner of Education, (B) not in excess of three years during which the Maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the Maker serves as a volunteer under the Peace Corps Act, (D) not in excess of three years during which the Maker serves as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (E) during a single period, not in excess of twelve months, at the request of the Maker, during which the Maker is seeking and unable to find full-time employment, or (F) during any period the borrower is pursuing a rehabilitation training program for disabled individuals which has been approved by the U. S. Commissioner of Education, and such period in (A), (B), (C), (D), (E) or (F) shall not be included in determining the period during which repayment must be completed.

(d) Notwithstanding the minimum repayment period set forth in paragraph 1, installment payments shall be made at an annual rate of not less than the lesser of $360 or the balance of all loans (together with interest thereon) to the Maker which are insured under the Plan or the Act (unless the Lender and the Maker otherwise agree), provided, that if the spouse of the Maker shall have any such loan or loans outstanding, the total of the combined payments for the Maker and the Maker's spouse during any year shall not be less than the lesser of $360 or the balance of all such loans.

(e) A late charge of 5% of the monthly payment or $5.00, whichever is the lesser, may be made on any payment made later than ten (10) days after the date on which it is due.

(f) In the event of the Maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

8. The liability of the Maker and any Co-Maker hereunder shall be absolute and unconditional without regard to the liability of any other party. Every Maker and Co-Maker of this note, or the obligation represented hereby waives presentment, demand, notice, protest, and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this note, assents to any extension or postponement of the time of payment or any other indulgence, to any substitution, and/or to the addition or release of any other party or person liable hereon, including the Maker. The payee is hereby authorized, without further notice, to fill in any blank spaces in this note and to date this note as of the date when it is issued. The holder shall not by any act, delay, omission or otherwise be deemed to have waived any of its rights and/or remedies hereunder unless such waiver be in writing and signed by the holder, and then only to the extent therein set forth. A waiver on any one occasion shall not be construed as a bar to or waiver of any such right and/or remedy on any future occasion.

9 Any Co-Maker hereunder agrees to be bound by the terms of any Renewal Note executed by the Maker in accordance with the provisions of paragraph 1 hereof to the same extent as if such Co-Maker had executed such Renewal Note, provided, that if such Renewal Note shall provide for the repayment of obligations of the Maker to the Lender under any note or notes in addition to this note, the obligations of any Co-Maker hereunder under such Renewal Note shall be limited to the sum of (i) that portion of the principal amount of such Renewal Note as is equal to the Maker's obligations under this note at the time of execution of such Renewal Note plus (ii) all accrued interest on such portion, all late charges related thereto and all expenses of collection thereof. All payments made under such Renewal Note shall be deemed to be applied pro rata against the obligations of the Maker under any note or notes of the Maker referred to in such Renewal Note.

This instrument is executed under seal.

DO NOT MAKE ANY CHANGES OR ERASURES ON THIS NOTE

Signatures: (Write name in full. Use ink. Do not print.)

(1) Maker's signature Rory J Calhoun — 1384 Lonsdale Ave. Lincoln R.I. 02865
Home Address

(2) Signature of Co-Maker ☐ Parent ____ ☐ Spouse ____ ☐ Other ____ Home Address ____

RIHEAA 3-79 Form 3

EXHIBIT A

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

[signature] 4-3-07

NAME DATE

EXHIBIT A

PAY TO THE ORDER OF

________________________________

without recourse to the undersigned
Rhode Island Student Loan Authority

By________________________________
Executive Vice President

EXHIBIT A

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

S. McKitchen 4-3-07

NAME DATE

EXHIBIT A

**RHODE ISLAND HIGHER EDUCATION ASSISTANCE AUTHORITY**

**GUARANTEED STUDENT LOAN PROMISSORY NOTE**

RIHEAA Form 3 (1-81)

DATE August 21, 1981

Rory J. Calhoun

**PROMISE TO PAY** Industrial National Bank

I, Rory J. Calhoun (Name of borrower), the borrower, promise to pay 111 Westminster St. Prov, RI (Name and address of lender) the lender, all of the principal sum of $ 2500.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 7 percent per year I will repay this loan in monthly installments during a repayment period that will begin not later than 9 months (the grace period) after I leave school or cease to carry at least one-half the normal academic workload at a school participating in the Guaranteed Student Loan Program (GSLP) If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs, including reasonable attorney's fees, that are permitted by State law and Federal regulations and are necessary for the collection of these amounts

The lender and I understand that the terms of this Promissory Note will be interpreted according to the law (20 U S C. 1071 to 1087-3 a) and Federal regulations that govern the GSLP The lender must make these provisions available to me upon my request I am not permitted to provide security for this loan

**INSURANCE PREMIUM**

If required to do so by the lender, I will pay an amount equal to the premium that the lender is required to pay to the Rhode Island Higher Education Assistance Authority (RIHEAA) in order to obtain insurance coverage on this loan If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it I will be entitled to a refund of any premium I pay if the loan is canceled within 60 days of the date the loan is guaranteed by RIHEAA Otherwise I will not be entitled to any refund of the premium

**REPAYMENT**

I will repay this loan in monthly installments during a repayment period that will begin no later than the end of the grace period However, during the grace period I may request that the repayment period begin earlier

I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years However, the following exceptions to these rules apply·

A If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period In that event, I may later choose to have the repayment period extended to the maximum period to which I am entitled

B The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have GSLP loans outstanding, we — pay toward principal and interest at least $360 or the unpaid balance, whichever is less, of the total amount owing to all holders of my — or our — GSLP loans This will require a minimum monthly payment of at least $30

C Any period described under AUTHORIZED DEFERMENT in this Promissory Note will not be included in determining either the 15-year period or the 5 to 10-year period mentioned above

The particular terms and conditions of repayment that apply to this loan will be established by the lender, in accordance with the repayment period selected by the borrower, pursuant to federal regulations governing the GSLP, and shall be set forth in a separate document, known as a repayment schedule that the lender will provide to me before the repayment period begins The lender at its option may calculate and establish such repayment schedule as an installment loan on a precomputed interest basis, and may include other Guaranteed Student Loans which I have with the lender, which also provide for repayment pursuant to a repayment schedule The repayment schedule shall become a binding addendum to this Promissory Note Monthly installment payments will be applied first on account of accrued interest and late charges, if any, and the balance on account of principal

**PREPAYMENT**

I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time In the event of prepayment in full during the repayment period, I will be entitled to a rebate of unearned precomputed interest, if any, calculated in accordance with the Rule of 78's

**AUTHORIZED DEFERMENT**

My loan payments will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of the following circumstances

1 While I am enrolled in
   - A Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States)
   - B A graduate fellowship program approved by the Secretary of Education,
   - C A rehabilitation training program for disabled individuals approved by the Secretary of Education
2 For periods not exceeding 3 years for each of the following while I am
   - A On active duty in the Armed Forces
   - B Serving as a Peace Corps volunteer
   - C Serving as a volunteer under the Domestic Volunteer Service Act of 1973 (ACTION programs)
   - D In service as an officer in the Commissioned Corps of the Public Health Service
   - E In service comparable to the Peace Corps or the Domestic Volunteer Service programs as a full-time volunteer for an organization exempt from taxation under section 501(c) (3) of the Internal Revenue Code of 1954
   - F Temporarily totally disabled, as established by sworn affidavit of a qualified physician, or during which I am unable to secure employment by reason of the care required by a spouse who is so disabled
3. For a single period, not in excess of two years during which I am serving an internship, the successful completion of which is required in order to receive professional recognition necessary to begin professional practice or service
4 For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States
5 In addition to any Authorized Deferment to which I am entitled, I am also entitled to an additional grace period of six months following each such deferment before resuming repayment The federal government will pay any required interest (on subsidized loans) during this additional period

**INTEREST**

The Secretary of Education will normally pay the interest that accrues on this loan prior to the repayment period and during any authorized deferment period or any additional grace period and in that event the lender may not attempt to collect this interest from me I may, however, choose to pay this interest myself In any event, I agree to pay any interest that accrues on this loan which is not payable by the Secretary of Education

Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except for interest that accrues during any period described under AUTHORIZED DEFERMENT in this Promissory Note

The lender may add interest, that is not paid when it is due, to the unpaid principal balance of this loan in accordance with State law and Federal regulations governing the GSLP

**LATE CHARGES**

The lender may collect from me a late charge of $5 00 or 5% of an installment, whichever is less, if I fail to make an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under AUTHORIZED DEFERMENT in this Promissory Note

**TRANSFER OF LOAN TO NEW HOLDER**

Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to an eligible holder other than the original lender Upon being notified of such a transfer, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note cannot be a holder in due course

**DEFAULT**

The holder of this Promissory Note may declare the loan to be in default if (a) I fail to make an installment payment when due, (b) if I become insolvent, make an assignment for the benefit of creditors, or if a petition in bankruptcy is filed by or against me, or (c) if I fail to pay, perform or observe any other terms of this Promissory Note, including my responsibilities as contained on the reverse side If I default on this loan, the lender may, at its option, declare the entire unpaid amount on the loan immediately due and payable A default may also make me ineligible for the benefits described under AUTHORIZED DEFERMENT and INTEREST in this Promissory Note

If a default occurs through my failure to make an installment payment when due, or to meet other terms of the Promissory Note, under circumstances where RIHEAA finds it reasonable to conclude that I no longer intend to honor the obligation to repay, and provided that my failure persists for (a) 120 days if I repay in monthly installments, or (b) 180 days if I repay in installments due less frequently than monthly, my lender will ask RIHEAA to purchase my loan, at which time I will owe the entire balance of the loan to that agency directly My lender or RIHEAA may report to a credit bureau my failure to pay, which may affect my credit rating Upon request, the lender must describe any arrangements it has made with credit bureau organizations concerning student loans If I am unwilling to repay my loans, either the lender or RIHEAA may institute legal action to force me to repay my loans

**DISABILITY OR DEATH**

If I become totally and permanently disabled or if I die, my obligation to pay any amount owed on this loan will be cancelled upon the furnishing of proof of death or disability, which is acceptable to the lender under applicable State and Federal laws and regulations

**GENERAL**

I, the Borrower, and any Co-maker* of this Promissory Note, shall be jointly and severally liable without regard to the liability of any other party, I the Borrower, and any Co-maker* of this Promissory Note, or the obligation represented hereby, waive presentment, demand, notice, protest, and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, assent to any extension or postponement of the time of payment or any other indulgence, and/or to the addition or release of any other party or person liable hereon, including the borrower The lender and any subsequent holder is hereby authorized, without further notice, to fill in any blank spaces and to date this Promissory Note as of the date when it is issued The lender and any subsequent holder shall not by any act, delay, omission, or otherwise be deemed to have waived any of their rights and/or remedies hereunder unless such waiver be in writing and signed by the holder, and then only to the extent set forth in such writing. A waiver on one occasion shall not be construed as a bar or waiver of any such rights and/or remedy on any further occasion

Notice: I certify that I have read my rights and responsibilities, as stated *on the reverse* of this Promissory Note, that I understand them, and th[illegible]der has answered any questions I have concerning them.

[illegible]ment is executed under seal

Rory J. Calhoun 1 Cleveland St. Paw. RI 9/5/81

[illegible] Borrower | Address | Date

Signature of Co-Maker* | Date

Name of Co-Maker | Address | Date

EXHIBIT A

*The lender may require an endorser or co-maker to sign the Promissory Note, but such is not required by federal law or regulation or by the State of Rhode Island. I understand that some lenders will make loans without such a requirement

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

4-3-07

NAME DATE

EXHIBIT A

## SUPPLEMENTAL INFORMATION PERTAINING TO BORROWER'S RIGHTS AND RESPONSIBILITIES

## UNDER THE GUARANTEED STUDENT LOAN PROGRAM

A provision of the Education Amendments of 1980 (added to sec 433A of the Higher Education Act) requires that lenders, under the GSLP, provide thorough and accurate loan information to borrowers The required information is contained both in the body of this promissory note and below and in a Truth in Lending disclosure statement to be delivered by the lender

1 Annual Maximum Loan Limits

| Category of Borrower | Annual Loan Limit | Aggregate Loan Limit |
|---|---|---|
| Dependent Undergraduate | $2,500 | $12,500 |
| Independent Undergraduate | 3,000 | 15,000 |
| Graduate or Professional | 5,000 | 25,000 (includes undergraduate loans) |

Lenders choosing not to meet these limits must state their lesser limits by an attachment to this form Loan maximums are also limited to the actual cost of education less any financial aid received and less any Parent Loans made on behalf of the borrower

2 I may request that my Guaranteed Student Loans, as well as my National Defense/Direct Student Loans and Health Education Assistance Loans, be consolidated into one, longer-term loan to be made by the Student Loan Marketing Association (SLMA) if I have outstanding a total of more than $5,000 in these loans either (a) under more than one program, (b) from more than one lender, or (c) insured by more than one guarantor Also, if I have outstanding Guaranteed Student Loans in excess of $7,500 from a single lender, I may request SLMA to consolidate them into a new loan Additional details on how this would affect my payment schedule and interest rate are available from the Student Loan Marketing Association, 1055 Thomas Jefferson Street, N W, Washington, D C 20007.

3 Under RIHEAA regulations, loan checks are made payable to both the student and the school Lenders may exercise their discretion however in making checks payable only to the student when circumstances make such practicable or advisable I must endorse all checks

4 If I have an outstanding guaranteed student loan bearing an interest rate of 7 percent or less on the date I sign the Promissory Note for this loan or any subsequent loan or if this loan is my first student loan and it is made for a period of instruction (term) beginning before Jan 1, 1981, this loan and any subsequent loans I may obtain will also be at the 7 percent rate On any loan where the applicable interest rate is 7 percent or less I am entitled to a 9 month grace period before the repayment period begins The length of the grace period is shown on the Promissory Note Under the heading PROMISE TO PAY.

If I am a first time borrower, not eligible for a 7 percent loan, or have an outstanding loan with an applicable rate of interest of 9 percent, then the rate of interest on this loan will be 9 percent If the Secretary of Education has determined on the basis of a statutory formula that the applicable interest rate is 8 percent, this loan will be at 8 percent In all cases, the interest rate on subsequent loans is the same as the rate on prior, outstanding loans The grace period on all loans with an applicable interest rate of 9 or 8 percent will be six months The grace period always begins on the day following the date I cease attending on at least a half-time basis a school participating in the GSLP In addition to interest, I may be required to pay a guarantee fee The true cost of credit is disclosed as the annual percentage rate on the truth in lending statement

5 I understand that I should investigate the availability of other forms of financial aid with my school s financial aid administrator It may be to my benefit to determine my eligibility for scholarships, grants, Work-Study and other sources of assistance before applying for a student loan I understand that receipt of a Guaranteed Student Loan may eliminate or reduce any awards that I may receive from other programs if the total of such should exceed my educational costs as established by my school

6 If I should withdraw from school, any unused balance of the loan amount which is due as a refund, may be made payable directly to the lender, and used to reduce my loan obligation

### BORROWER'S RIGHTS

1. The Lender must give me a copy of the completed Promissory Note at the time the loan is made The lender must return the original Promissory Note to me when I have fully repaid the loan
2. The lender may require a co-maker to sign the Promissory Note but this is not required by law or regulation
3. If the lender sells the loan or otherwise transfers the right to receive payment, I must be sent a clear notification by the assignee which spells out my obligation to the new holder
4. I have a right to a "grace period" before the repayment period begins The grace period starts after I cease to be at least a half-time student in an approved course of study at an eligible educational institution, and its length shall be as defined by current applicable law and regulation and as stated in the Promissory Note
5. I have a right to prepay the whole loan or any portion of the loan at any time without penalty
6. I have a right to defer payments on the loan as set forth under AUTHORIZED DEFERMENT in the Promissory Note
7. If I am willing, but unable, to make payments under my repayment schedule, I may ask the lender to allow any of the following
   A A short period in which I make no payments,
   B An extension of time for making payments, or
   C The making of smaller payments than were originally scheduled
   However, the lender is not required to approve my request, for such forbearance
8. The lender must keep on file, at least in its main office, a copy of the Federal law and regulations that govern the GSLP I have a right to examine these materials if I wish
9. My loan obligation will be cancelled if I become totally and permanently disabled or if I die THIS LOAN, HOWEVER, CANNOT BE CANCELLED OR FORGIVEN IN WHOLE OR IN PART FOR DUTY IN THE MILITARY SERVICE, FOR TEACHING OR FOR ANY OTHER SERVICE. Also, Rhode Island has determined that educational loans made under this program to student borrowers under 18 years of age shall be legally binding

### BORROWER'S RESPONSIBILITIES

1. I must use care in choosing a school Each school must provide a prospective student with information about the school and its program I will consider this information carefully before deciding to attend a school I understand that neither the United States Government nor Rhode Island Higher Education Assistance Authority nor the lender, other than school lenders, vouches for the quality of a school or its programs
2. I understand that the lender may charge me for an insurance premium and that I will not be entitled to any refund of this amount, except for loans cancelled in full within 60 days of the date the loan is guaranteed by RIHEAA If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made
3. I must repay the loan in accordance with the repayment schedule that the lender will give me
4. I must notify the lender promptly, in writing, if any of the following events occur before the loan is repaid
   A. My failure to enroll in school for the period for which the loan was intended
   B My withdrawal from school or my attendance in school on less than a half-time basis
   C. My transfer from one school to another school
   D. My graduation from school.
   E A change of my name (e g, maiden name to married name).
   F A change of my address.
5. If I qualify for a deferment of repayment I must provide the lender documentation to establish my eligibility I must notify the lender as soon as I am no longer eligible to have payments deferred
6. I must use the proceeds that I receive from this loan only for tuition and other reasonable and authorized education expenses including room and board, fees, books, supplies and equipment, laboratory expenses and transportation and commuting expenses at the school for which I applied for the loan.

PAY TO THE ORDER OF
RI HIGHER EDUCATION
ASSISTANCE AUTHORITY
without recourse to the undersigned
FLEET BANK ...
BY ...
DATE: AUG 31 1984

EXHIBIT A

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

S. McKitchen 4-3-07

NAME DATE

EXHIBIT A